TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JEFFREY M. CHEMERINSKY (Cal. Bar No. 270756)
JOSEPH D. AXELRAD (Cal. Bar No. 274580)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7964
     Facsimile: (213) 894-0141
     E-mail:    joseph.axelrad@usdoj.gov
                jeffrey.chemerinsky@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-261-JAK |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT WILLIAM ELAM |
| v. | |
| WILLIAM ELAM, | |
| Defendant. | |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Jeffrey M. Chemerinsky and Joseph D. Axelrad, hereby files its sentencing position regarding defendant William Elam ("defendant").

     This sentencing position is based upon the attached memorandum of points and authorities, the presentence investigation report ("PSR"), the files and records in this case, and such further evidence and argument as the Court may permit.  The government

respectfully requests the opportunity to supplement its position or respond to defendant as may become necessary.

Dated: November 23, 2021          Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

_/s/_
JEFFREY M. CHEMERINSKY
JOSEPH D. AXELRAD
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3        Defendant William Elam ("defendant") awaits sentencing

4   after pleading guilty to one count of interference with commerce

5   by robbery, in violation of 18 U.S.C. § 1951(a), and one count

6   of brandishing a firearm in furtherance of a crime of violence,

7   in violation of 18 U.S.C. § § 924(c)(1)(A)(ii).  The United

8   States Probation Office ("USPO") issued the PSR in this case on

9   November 4, 2021, calculating a Guidelines range of 100 to 125

10  months, based on a total offense level of 27 and a category IV

11  criminal history.  In addition, defendant is subject to a 7-year

12  mandatory sentence based on the § 924(c) conviction, which is to

13  run consecutive to any Guidelines sentence defendant receives.

14       As set forth below, the government submits that, taking

15  into account the factors identified in 18 U.S.C. § 3553(a), a

16  total term of custody of 132 months' imprisonment (calculated as

17  48 months' imprisonment under the Guidelines (including a two-

18  level variance) to run consecutive to the 84 months'

19  imprisonment based on the § 924(c) conviction) is appropriate.

20  The government further recommends that defendant be sentenced to

21  a five-year term of supervised release, and a special assessment

22  of $200.  Such a sentence is sufficient, but not greater than

23  necessary, to reflect the seriousness of the offense, to promote

24  respect for the law, to adequately deter defendant from

25  committing further offenses, and to avoid unwarranted sentencing

26  disparity with other similarly situated defendants.

27  ## II.  STATEMENT OF FACTS

28       As set forth in the Plea Agreement:

1   On October 13, 2018, defendant, conspired to commit an
2   armed robbery of the Med Choice Pharmacy, located at 621 N.
3   Euclid St. #B, Anaheim, California.  Defendant traveled to the
4   Med Choice Pharmacy with the intent to commit an armed robbery
5   with a firearm.  Defendant entered the Med Choice Pharmacy.
6   During the course of the robbery, defendant brandished a black
7   and silver handgun, and used it to control Med Choice Pharmacy
8   employees.  During the robbery, approximately $400 was removed
9   from the cash register of the Med Choice Pharmacy.  This
10  robbery, which targeted a pharmacy that accepts credits and
11  distributes products obtained from outside of California,
12  affected interstate commerce.

13  In addition, defendant participated in armed robberies of
14  the Sav-Most Pharmacy, located at 14133 S. Vermont Avenue,
15  Gardena, California, on October 2, 2018, and Aloha Drugs,
16  located at 5055 W. El Segundo Boulevard, Hawthorne, California,
17  on November 3, 2018.  In both robberies, defendant brandished a
18  firearm to control the pharmacy's employees.

19  **III. PRESENTENCE INVESTIGATION REPORT**

20      **A.    Guidelines Calculation**

21  The USPO concluded that defendant has a total offense level
22  of 27.  PSR, ¶ 71.  This results from a Guidelines calculation
23  as to the specific robbery and firearm counts defendant pled to,
24  namely, Counts Four and Five, as well as Probation's multi-count
25  analysis.  Specifically, Probation calculates defendant's base
26  offense level of 20 (U.S.S.G. § 2B3.1(a)), with a two-level
27  enhancement for physical restraint (U.S.S.G. § 2B3.1(b)(4)(B)),

28

2

1  and a one-level enhancement for narcotics taken (U.S.S.G.

2  § 2B3.1(b)(6)), for an offense level of 23.  PSR, ¶ 42.

3       For the additional armed robberies in which defendant also

4  participated, Probation calculates his base offense level as 20

5  (U.S.S.G. § 2B3.1(a)), a six-level enhancement for brandishing a

6  firearm (U.S.S.G. § 2B3.1(b)(2)(B)), and a one-level enhancement

7  for narcotics taken (U.S.S.G. § 2B3.1(b)(6)).  The adjusted

8  offense level is 27.  PSR ¶ 63.

9       Using the greater of the adjusted offense levels, PSR ¶ 65,

10  a three-level multi-count upward adjustment (U.S.S.G.

11  § 3D1.4(a),(b),(c)), and a three-level decreased for acceptance

12  of responsibility, the total offense level is 27.  PSR, ¶ 71.

13  The PSR also identifies defendant as a Criminal History Category

14  of IV.  PSR, ¶ 80.

15       The resulting Guidelines range, with a total offense level

16  of 27 and Criminal History Category of IV, is 100 to 125 months'

17  imprisonment.  This results in a total Guidelines sentence of

18  184 to 209 months' imprisonment.

19       In addition, because of the § 924(c) count, defendant is

20  subject to a 7-year mandatory term of imprisonment that must run

21  consecutive to the Guidelines sentence.

22       The government believes a variance is appropriate and

23  consistent with the approach the Court has taken to the

24  sentencing of other defendants in this investigation.[1]

25

26

27       [1]  While defendant's plea agreement contemplated a total
offense level of 25, the parties specifically reserved the right
28  to argue that additional specific offense characteristics,
adjustments, and departures are applicable.  (Dkt. 39, ¶15.)

3

**IV.   APPLICATION OF THE § 3553 FACTORS**

The government submits that a sentence of 132 months' imprisonment, followed by five years' supervised release is "sufficient, but not greater than necessary," to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2).

**A.   Legal Background**

"All sentencing proceedings are to begin by determining the applicable Guidelines range," which serves as "the starting point and the initial benchmark" for determining a reasonable sentence.  United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008) (internal quotation marks and citation omitted).  The parties should then be given an opportunity to argue for what they believe is an appropriate sentence.  Id.  Following argument by the parties, the Court must consider each of the sentencing factors listed in 18 U.S.C. § 3553(a), including the applicable Guidelines range, "to decide if [those factors] support the sentence suggested by the parties."  Id.; see also Gall v. United States, 552 U.S. 38, 49 (2007).  In the end, the Court must impose a sentence that is "sufficient, but not greater than necessary," to reflect the offense's seriousness, to promote respect for the law, and to provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment.  See 18 U.S.C. § 3353(a); Carty, 520 F.3d at 991.

**B.   Analysis**

Defendant engaged in three dangerous armed robberies, brandishing a firearm to terrorize and control store employees.

The use of a firearm to commit such armed robberies creates the potential for a multitude of violent and dangerous outcomes. Defendant engaged in these brazen robberies with no regard for the safety of customers and employees.  Armed robberies where firearms are brandished leave lasting stress and trauma that victims remember for their entire lives.  These types of crimes have the unfortunate potential to lead to extraordinary violence. Further, the goal of the armed robbery was to obtain narcotics, namely, drugs such as OxyCodone, to distribute, which would cause further harm.  Defendant also two prior firearms convictions, both of which involved defendant carrying loaded firearms.  PSR, ¶¶ 76, 77.

The government recognizes that there are mitigating factors that exist in defendant's personal history and characteristics. Defendant grew up in difficult circumstances.  Defendant's parents experienced difficulty in their marriage, which included physical altercations.  PSR, ¶ 92.  Defendant's mother attempted suicide when he was a boy.  PSR, ¶ 93.  Defendant's brother, with whom he was close, was killed during a robbery when defendant was just 16 years old.  PSR, ¶ 98.

The requested sentence serves the goals of both specific and general deterrence.  As to specific deterrence, as mentioned above, the requested sentence, which is significant, will be defendant's lengthiest term of imprisonment.  This sentence also serves the purposes of general deterrence by making clear that gun crimes and drug offenses are punished severely.

Finally, the government believes that the requested sentence avoids unwarranted sentencing disparities with other

defendants in similar circumstances as defendant.  The Court is entitled to rely on a correctly calculated Guidelines' range in finding that there is no unwarranted disparity between defendant and other offenders convicted of similar offenses.  United States v. Treadwell, 593 F.3d 990, 1011 (9th Cir. 2010).  This sentence accounts for the unique factors of the defendant.  The government is mindful as well that this Court has sentenced defendants in this investigation as follows:  defendant Tyrome Lewis, 19-149-JAK, to 240 months' imprisonment, defendant Darrell Mitchell, 19-149-JAK, to 108 months' imprisonment, defendant Deandre Bonney, 19-149-JAK, to 108 months' imprisonment.  Defendant Lewis, as the Court is aware, was responsible for approximately 15 armed robberies.  Defendants Bonney and D. Mitchell each pled guilty to only a single armed robbery.  Thus, the requested sentence for defendant, 132 months', is consistent with the sentences ordered by this Court for defendants involved in similar crimes.  It is fair that defendant receive a harsher sentencing than defendants Bonney and D. Mitchell and a significant lesser sentence than defendant Lewis.

All of these factors are accounted for in the government's recommendation, which balances the history and characteristics of the defendant with the nature of the crimes.  For these reasons, the government believes that a sentence of 132 months in custody is appropriate.

**V.    CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to: (1) 132 months'

imprisonment; (2) a five-year period of supervised release; and

(3) a mandatory special assessment of $200.